UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| MINNIE M. DALTON | ) | |
| | ) | |
| v. | ) | NO. 2:04-CV-332 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Minnie M. Dalton has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Dalton was born in 1955 and was 48 years old at the time of her administrative hearing. [Tr. 499]. She graduated high school and has relevant past work experience as a fast food worker and garment industry worker. [Tr. 15, 499]. Ms. Dalton alleges she is disabled as of November 28, 2001, from diabetes mellitus, hypertension, heart impairments, nerves, kidney problems, and shoulder, neck, and back pain. [Tr. 14]. Based upon a finding that her impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Dalton was not

disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Dalton's administrative hearing held on December 9, 2003, the testimony of Ms. Dalton and vocational expert Dr. Julian Nadolsky was received into evidence. [Tr. 499-519]. Ms. Dalton testified about her previous work as a restaurant worker, knitting repairer, and sewer. [Tr. 501-04]. She believes she can no longer work because of panic attacks. [Tr. 504]. Ms. Dalton has received at least three years of mental health treatment for the attacks. [*Id*.]. She also experiences back pain, for which she takes medication. [Tr. 505-06]. Ms. Dalton grocery shops with the help of her husband, is able to take care of her personal needs, and visits with family and friends. [Tr. 509-10].

Vocational expert Dr. Nadolsky testified next. [Tr. 516-19]. He testified Ms. Dalton's past relevant work ranged from unskilled, light work to semiskilled, medium work. [Tr. 517]. Dr. Nadolsky was then asked by Ms. Dalton's representative to consider a 47-year-old woman with a 12th grade education with Ms. Dalton's past work history who could occasionally lift/carry less than 10 pounds, frequently lift/carry 10 pounds, stand/walk for about 30 minutes of an eight-hour workday, and could never climb, balance, stoop, crouch, kneel, or crawl. [Tr. 444-45, 518]. According to the vocational expert, such a person could not return to her past work and would be limited to, at best, sedentary occupations. [Tr. 518-19]. After more

2

consideration, Dr. Nadolsky testified he did not think such a person could work at all. [Tr. 519].

The ALJ ruled that Ms. Dalton was not disabled because the medical evidence indicated her impairments were severe but, as supported by the unrefuted determinations of several physicians, not severe enough to meet or exceed the necessary requirements. [Tr. 16]. The ALJ did find that Ms. Dalton had the severe impairments of depression, anxiety, arthralgias, osteoarthritis in the lumbar spine, bulging disks, obesity, and a knee problem. [*Id.*]. And, according to the ALJ, Ms. Dalton could perform light work, so she retained the ability to perform her past relevant work in the garment industry. [Tr. 20].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*,

127 F.3d 525, 528 (6th Cir. 1997).

Ms. Dalton requests a judgment on the pleadings and challenges the ALJ's consideration of her mental impairment. Specifically, Ms. Dalton contends the ALJ should have accepted the entire report of consultative psychologist Kathryn Smith. The ALJ indicated that Ms. Smith's report was "not entirely consistent with the treatment record. The limitations [she imposed] on dealing with stress and dealing with the public are not supported." [Tr. 19]. Dr. Smith wrote in her report that Ms. Dalton frequently had suicidal thoughts, although treatment notes from other professionals during that time showed that Ms. Dalton did not have suicidal thoughts. [Tr. 268, 288, 432]. Dr. Smith also concluded that Ms. Dalton was likely to be socially withdrawn, have more trouble than usual interacting with people, and would not have the stamina for a job serving the public. [Tr. 290]. Again, however, contemporaneous treatment notes from other professionals fail to show any problems with social withdrawal or social interaction. [Tr. 268, 432, 434]. Because of these inconsistencies, the ALJ had substantial evidence to find that Dr. Smith's opinions were not entirely consistent with the treatment record.

Ms. Dalton also contends the ALJ erred in his evaluation of her complaints of chronic pain. According to the ALJ, Ms. Dalton's complaints of pain were "not fully credible." [Tr. 19]. The ALJ noted that she had no evidence of a nerve impingement,

demonstrated numerous abilities despite her allegations of pain, was able to heel and toe walk, had no demonstrated neurological deficits, and had daily activities inconsistent with her complaints. The ALJ seemed to have substantial evidence to support his decision. However, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Ms. Dalton next argues the ALJ erred in dismissing the opinions of her treating physician. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

In Ms. Dalton's case, Dr. William Smith indicated in February 2003 on a Medical Source Statement (Physical) form that Ms. Dalton could occasionally lift/carry less than 10 pounds, frequently lift/carry 10 pounds, stand/walk for about 30 minutes of an eight-hour workday, and could never climb, balance, stoop, crouch, kneel, or crawl. [Tr. 444-45]. The ALJ indicated in his decision that "Dr. Smith's opinion appears to be based entirely on subjective complaints and a comprehensive review of the actual treatment records fails to reflect objective clinical and diagnostic

5

findings which support impairments that would reasonably produce limitations to this degree." [Tr. 17]. This court agrees. The only evidence Dr. Smith cited to support his dire findings was the result of an MRI which showed a herniated disc. [Tr. 445]. No other physician in the record–treating or consultative–made such extreme recommendations. The ALJ's finding that Dr. Smith's opinion was not to be afforded great weight was supported by substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Dalton's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE